**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**STEVE L. WRIGHT, Jr.,**                    :

      **Petitioner**                    :        **CIVIL ACTION NO. 3:19-0483**

**v.**                                      :              **(JUDGE MANNION)**

**WARDEN DAVID J. EBBERT,**            :

      **Respondent**                  :


### MEMORANDUM

Petitioner, Steve L. Wright, ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner challenges his federal sentence for conspiracy to distribute controlled substance; possession of marijuana; possession of narcotics; violent crime/drugs/machine gun where death occurs; controlled substance – possession; violent crime/drugs/machine gun; and tamper with witness/victim/information (if death results) arising in the United States District Court for the Western District of Missouri (Kansas City). Id. After a response and traverse were filed (Docs. 9, 10), Petitioner filed a motion to amend his petition (Doc. 11), which was granted. (Doc. 13). A supplement to the motion to amend and reply having been filed (Docs. 14, 21), the petition

is ripe for disposition, and for the reasons that follow, the Court will dismiss

the petition for lack of jurisdiction.

## I. Background

The procedural background of Petitioner's criminal offenses has been

summarized by the sentencing court as follows:

> By a seventeen-count indictment filed on July 2, 2004, Wright
> was charged with conspiracy to distribute more than 50 grams of
> cocaine base, and other controlled substances, in violation of 21
> U.S.C. §§841(a)(1) and (b)(1)(A), and 21 U.S.C. §846 (Count
> One); possession of marijuana with intent to distribute, in
> violation of 21 U.S.C. §§841(a)(1) and (b)(1)(D), and 18 U.S.C.§2
> (Count Two); attempted possession with intent to distribute more
> than 500 grams of cocaine, in violation of 21 U.S.C. §§841(a)(1)
> and (b)(1)(B) (Count Three); use of a firearm (causing the death
> of Hector Santos) during and in relation to the crime charged in
> Count Three, in violation of 18 U.S.C. §924(c)(1)(A)(iii), and
> §924(i)(1) (codified at the time of the offense as §924(j)(1))
> (Count Four); attempted possession with intent to distribute more
> than 100 grams of phencyclidine (PCP), in violation of 21 U.S.C.
> §§841(a)(1) and (b)(1)(B), and 18 U.S.C. §2 (Count Five); use
> and discharge of firearms (wounding Anthony Conaway and
> Justin Hill) during and in relation to the crime charged in Count
> Five, in violation of 18 U.S.C. §§924(c)(1)(A)(iii), and 18 U.S.C.
> §2 (Count Six); the murder of Michael Birks, a potential federal
> witness to the crimes charged in Counts Five and Six, in violation
> of 18 U.S.C. §§1512(a)(1)(C) and 18 U.S.C. §2 (Count Seven);
> possession of methamphetamine with intent to distribute, in
> violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C) (Count Eight);
> use of a firearm (wounding Reymundo Gonzalez) during and in
> relation to the crime charged in Count Eight, in violation of 18
> U.S.C. §924(c)(1)(A)(iii) (Count Nine); possession of marijuana
> with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and
> (b)(1)(D), and 18 U.S.C. §2 (Count Ten); use of a firearm

(causing the death of Alex Clark) during and in relation to the crime charged in Count One, in violation of 18 U.S.C. §§924(c)(1)(A)(iii) and 924(i)(1) (codified at the time of the offense as §924(j)(1) (Count Eleven); possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B), and 18 U.S.C. §2 (Count Twelve); possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(D ), and 18 U.S.C. §2 (Count Thirteen); possession of MDMA ("ecstacy") with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(D), and 18 U.S.C. §2 (Count Fourteen); possession of firearms in furtherance of the crimes charged in Counts Twelve, Thirteen, and Fourteen, in violation of 18 U.S.C. §924(c)(1)(A)(i), and 18 U.S.C. §2 (Count Fifteen); and distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. §§841(a)(1) and (B)(1)(A)(iii) (Count Sixteen). Count Seventeen alleged that more than $33,000 in seized United States currency was subject to forfeiture as the proceeds of drug-trafficking offenses, according to 21 U.S.C. §853.

A jury trial began on August 1, 2006, before this Court. On September 7, 2006, the jury returned guilty verdicts against Wright on Counts One through Nine and Eleven through Fifteen, acquitting Wright on Counts Ten and Sixteen. Wright did not contest the forfeiture allegations set forth in Count Seventeen. On February 9, 2007, Wright was sentenced to serve two concurrent terms of life imprisonment, to be followed by consecutive terms of 110 years. Judgment was entered by this Court on February 15, 2007, and Wright filed a timely notice of appeal on February 22, 2007.

In his direct appeal, Wright asserted: (1) that this Court had improperly restricted his *voir dire*, in that the Court refused to allow individual questioning as to their beliefs on the propensity for violence among members of street gangs; (2) that the evidence was insufficient to sustain the conviction of Wright for the murder of Michael Birks under 18 U.S.C. §1512(a)(1)(C) and 18 U.S.C. §2 (Count Six); and (3) that this Court improperly permitted Anthony Conaway to testify about statements made to him by Michael Birks. Each of these claims was rejected by the

Eighth Circuit Court of Appeals, which affirmed Wright's convictions and the judgment of this Court. United States v. Wright, 536 F.3d 819 (8th Cir. 2008).

(Doc. 14-2 at 3, Wright v. U.S., No. 09-0585-CV-W-FJG (W.D. Missouri, Kansas City)).

On July 31, 2009, Petitioner filed a motion for relief under 28 U.S.C. §2255 in which he set forth one ground for relief: that trial counsel was ineffective for failing to pursue interim payments and adequately investigate available witnesses to testify on Wright's behalf, which prevented his adequate representation of Mr. Wright due to his dire financial situation. Id. In support of his §2255 motion, Wright provided the affidavits of Rashawn Long and William L. Williams dated October 2009. Id. The sentencing court rejected Wright's notion that the outcome of his trial would have been different had his counsel called these witnesses, finding that defense counsel's decision not to call these gang associates of Wright's a "sound trial strategy, and certainly a tactical decision which falls within the wide range of reasonable professional assistance." Id. By Order dated May 26, 2010, the sentencing court denied Petitioner's §2255 motion. Id.

On June 24, 2013, Petitioner filed a second §2255 motion challenging, *inter alia,* the life sentence imposed on Count 7 of the indictment because he was a juvenile when some of the offenses occurred. (Doc. 14-2 at 105,

Wright v. U.S., No. 13-00628-CV-W-HFS (W.D. Missouri, Kansas City)).

By Order dated February 11, 2015, the sentencing court granted Petitioner's motion and the sentence on County 7 was vacated for resentencing purposes. Id.

On September 27, 2017, Wright was resentenced to 15 years as to Count 7 of the Superseding Indictment and this term was ordered to run concurrently with the sentences previously imposed on Counts 1 (Life), Counts 2 and 13 (60 months); Counts 3, 5, and 12 (480 months), Counts 8 and 14 (240 months) and consecutively with sentences previously imposed in Count 4 (120 months); Counts 6, 9, 11, and 15 (300 months) (with Counts 4, 6, 9, 11, and 15 running consecutively), for a total term of Life plus 110 years. (Doc. 14-2 at 107, Amended Judgment).

Wright filed the instant habeas corpus petition pursuant to 28 U.S.C. §2241 claiming that "[i]n light of Supreme Court ruling in Fowler[1], movants conviction on count 7 (1512(a)(1)(c) is rendered non-criminal…[t]he prosecution was not required to establish the 'reasonable likelihood' standard in movant's trial." (Doc. 1). In support of his claim, Wright states that "[t]he principals of said count/charge was prosecuted and convicted in Kansas City Missouri state court" and "[f]urthermore, no evidence has been

_____

[1] Fowler v. United States, 563 U.S. 668 (2011).

- 5 -

adduced that the said victim intended to communicate nor cooperate with any law official, nor has it been prove the crime was motivated by such." Id.

Subsequent to the filing of his petition, Wright filed a motion to amend his petition to submit the affidavits of Rashawn Long and William L. Williams dated October 2009. (Doc. 11). Wright claims the affidavits are directly connected to his claims because they were written by the men who committed the murder related to his petition. Id. It is Wright's belief that, had his counsel called these witnesses to testify in his criminal trial, he would not have been convicted of Count 7 of the indictment charging him with the murder of Michael Birks, a potential federal witness to the crimes charged in Counts Five and Six, in violation of 18 U.S.C. §§1512(a)(1)(C) and 18 U.S.C. §2. Id.

## II. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a §2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); 28 U.S.C. §2255(e)). A §2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a §2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a §2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, §2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... §2255." Id. at 539. "It is the inefficacy of the [§2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under §2255 is "inadequate or ineffective," permitting resort to §2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity

- 7 -

to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Wright's claim falls within the purview of §2255 because it challenges the validity of his conviction. He has previously sought relief in the sentencing court pursuant to 28 U.S.C. §2255. Thus, he can only bring a challenge under §2241 if it appears that the §2255 remedy is inadequate or ineffective to test the legality of his detention. Wright has failed to meet this burden.

Wright argues that the United States Supreme Court's decision in <u>Fowler</u> constituted an intervening change in law that invalidated his conviction for witness tampering.[2] Wright failed to raise a <u>Fowler</u> claim in a timely §2255 motion. As stated <u>supra</u>, Wright filed a second §2255 motion on June 24, 2013, which was addressed by the sentencing court. The Supreme Court issued the <u>Fowler</u> decision on May 26, 2011. Thus, the <u>Fowler</u> decision was already issued at the time Wright filed his second §2255 motion on June 24, 2013.

---

[2] In <u>Fowler</u>, the Supreme Court settled an issue of statutory application in murder cases under the federal witness tampering statute. 18 U.S.C. §1512(a)(1)(C); Fowler v. United States, 563 U.S. 668, 671-75 (2011). The Supreme Court held that murder committed with the intent to prevent communication to a federal law enforcement officer under 18 U.S.C. §1512(a)(1)(C) requires a showing of a "reasonable likelihood" that the victim would have communicated with a federal officer about the event had he survived. Fowler, 563 U.S. at 677.

28 U.S.C. §2255 contains an alternate commencement date for the one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. §2255(f)(3). "Unlike new rules permitting successive §2255 motions, new 'rights' triggering §2255(f)(3) need not be constitutional." Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 703 (3d Cir. 2018).[3] Under 28 U.S.C. § 2255(f)(3), Wright could have sought relief under Fowler if he had filed his §2255 motion with the sentencing court before May 26, 2012. Additionally, Wright could have raised his Fowler claim in his June 24, 2013 §2255 motion. As such, Wright has had two opportunities to address his claims for relief. Wright's failure to timely pursue his Fowler claim in a §2255 motion bars him from bringing such a claim in a §2241 petition. See Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (noting that §2255 "provides a safety valve for actual innocence, but without short-circuiting §2255's gatekeeping requirements"). Thus, Wright may not challenge his conviction based on Fowler through a §2241 petition.

---

[3] In Boatwright, the Third Circuit found Dorsainvil inapplicable to an inmate who had failed to file a timely initial §2255 motion. Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 704 (3d Cir. 2018).

"The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." <u>See</u> <u>Dusenberry v. Oddo</u>, No. 17-cv-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Wright failed to meet his burden of demonstrating that §2255 is inadequate or ineffective with respect to his claims, the §2241 petition is subject to dismissal.

## III. <u>Conclusion</u>

For the foregoing reasons, Wright's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

<u>s/ Malachy E. Mannion</u>
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 29, 2022**
19-0483-01

- 10 -